LANTHE CALHOUN v. ROY BADEN, as Sheriff of Manatee County, Florida.

15 So. (2nd) 444                                    June Term, 1943
November 9, 1943                                          Division A

Alvan B. Rowe, for plaintiff.

J. Tom Watson, Attorney General, and John C. Wynn, Assistant Attorney General, for defendant.

TERRELL, J.:

Petitioner was arrested and taken in custody by defendant on the charge that she did "unlawfully while intoxicated by the use of alcoholic liquor, operate a certain automobile in such manner as to run against Theodore Harry with such force and violence as to inflict in and upon the said Theodore Harry mortal injuries the said Theodore Harry then and there died."

She petitions this Court for discharge by writ of habeas corpus alleging that the information on which she is held is fatally defective because there was at the time of the death of Theodore Harry no statute in Florida making it a crime to effect the death of another while driving an automobile while under the influence of intoxicating liquor.

It appears from the record that Chapter 6882, Acts of 1915, as amended by Chapter 9269, Acts of 1923, as amended by Chapter 11809, Acts of 1927, now Section 860.01, Florida Statutes of 1941, denounced and made a crime the act of killing a human being by any one operating a motor vehicle when intoxicated.

The petitioner contends that Section 860.01, Florida Statutes of 1941 was repealed by Chapter 20578, Acts of 1941, and that there was no law in effect on the question from the effective date of the latter act, June 2, 1941, to July 29, 1942, the effective date of the Florida Statutes of 1941, the offense in question having taken place January 7, 1942, when there existed no statute on the subject.

Chapter 20578, Acts of 1941, treats the subject of traffic regulation. True, it denounces the offense of driving a motor vehicle while under the influence of intoxicating liquor or narcotics but it does not touch the offense of killing one when operating a motor vehicle while intoxicated. In other words, the thesis of Chapter 20578 is speed and traffic regulation

on the highway while the thesis of Section 860.01 is punishment for manslaughter committed while intoxicated.

We find nothing whatever in Chapter 20578 that points to an intent or purpose to repeal Section 806.01. Neither are the two acts so inconsistent or repugnant that we could say there was a repeal by implication. American Bakeries Company v. Haines City, 131 Fla. 790, 180 So. 524. A statute that has been repeatedly recognized for more than twenty-five years will not be held as repealed except on diametrical repugnance or express showing to do so.

The petition is accordingly denied and the petitioner is remanded.

It is so ordered.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.